UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STIFFLEMIRE, ET AL.**                                                                      **CIVIL ACTION**

**VERSUS**                                                                                          **NO: 22-3902**

**UNITED PROPERTY & CASUALTY**
**INSURANCE COMPANY, ET AL.**                                                   **SECTION "H"**

### ORDER AND REASONS

Before the Court is Defendant V & V Roofing & Sheet Metal, L.L.C. ("V & V")'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 65), Motion to Stay Discovery Deadlines (Doc. 72), and *ex parte* Motion to Schedule a Status Conference (Doc. 76). For the following reasons, Defendant's Motion to Dismiss is **GRANTED**, and Defendant's Motion to Stay Discovery Deadlines and Motion to Schedule a Status Conference are **DENIED AS MOOT**.

### BACKGROUND

This action arises from alleged damage caused by Hurricane Ida to Plaintiffs Chris and Larae Stifflemire's property (the "Property") located in Covington, Louisiana. Defendant V & V removed and replaced the Property's roof in February 2022. On October 14, 2022, Plaintiffs filed suit in this Court against their first-party property damage insurer Defendant United Property & Casualty Insurance Company ("UPC") for breach of its policy and its arbitrary and capricious denial of coverage, and against Defendant V & V for breach of contract and negligence for its allegedly improper installation of the

Property's replacement roof. In their Complaint, Plaintiffs alleged that this Court possessed diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332 because they are Louisiana residents and UPC is a corporation incorporated in Florida. They also stated that the Court possessed supplemental jurisdiction over V & V under 28 U.S.C. §1367.[1] When Defendant V & V filed its Answer, it contested Plaintiffs' assertion of diversity citizenship because it and Plaintiff are both Louisiana residents and contested the Court's exercise of supplemental jurisdiction because it would be inconsistent with the jurisdictional requirements of diversity of citizenship.[2] On December 15, 2024, plaintiffs filed a voluntary motion to dismiss with prejudice only the claims they had brought against UPC.[3] On December 16, 2024, this Court entered an order dismissing UPC with prejudice.[4]

Before the Court is Defendant V & V's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Stay Discovery Deadlines. Plaintiffs oppose only the former,[5] which the Court will address first.

## **LEGAL STANDARD**

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[6] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts

---

[1] Doc. 1 at 1.
[2] Doc. 7 at 1–2.
[3] Doc. 58.
[4] Doc. 59.
[5] Doc. 67.
[6] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

2

underlying the citizenship of the parties. The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction."[7] "If complete diversity was not present at the time of filing, an action must be dismissed for want of subject matter jurisdiction."[8] The proponent of federal court jurisdiction bears the burden of establishing subject matter jurisdiction.[9]

## LAW AND ANALYSIS

In its Motion to Dismiss for Lack of Subject Matter Jurisdiction, Defendant V &V reiterates the assertions from its Answer that there is no diversity of citizenship because it and Plaintiffs are all residents of Louisiana and that this Court cannot exercise supplemental jurisdiction over Plaintiffs' claims against it because this Court lacked original jurisdiction over those claims in the first place. In their Opposition, Plaintiffs "concede that this Court lacks subject matter jurisdiction due to the dismissal of the party that established diversity jurisdiction, UPC,"[10] but ask this Court to postpone issuing an order of dismissal until its pending Motion to Set Settlement Conference is resolved.[11]

Subject matter jurisdiction in this case is premised upon diversity of citizenship.[12] Cases arising under § 1332 require, *inter alia,* complete diversity of citizenship.[13] "The concept of complete diversity requires that all persons on

---

[7] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[8] *Id*. at *7 (citing Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570–71 (2004)).
[9] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[10] Doc. 67 at 1.
[11] On March 7, 2025, following settlement discussions from which the parties were not able to reach a settlement, Magistrate Judge van Meerveld denied Plaintiffs Motion to Set Settlement Conference as moot. Doc. 71.
[12] *See* 28 U.S.C. § 1332.
[13] Stiftung v. Plains Mktg*., L.P.,* 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

one side of the controversy be citizens of different states than all persons on the other side."[14] In this matter, the burden of proving complete diversity lies with Plaintiffs.[15] For purposes of diversity jurisdiction, the "citizenship of a LLC is determined by the citizenship of all of its members."[16]

Here, based on the pleadings and affidavits before it, the Court finds that Plaintiffs are Louisiana citizens and Defendant V &V is a citizen of Louisiana because both its members are Louisiana citizens.[17] As such, the Court finds that complete diversity between the parties does not exist, and the Court lacks subject matter jurisdiction over Plaintiffs' claims.[18] Accordingly, their claims against Defendant V &V must be dismissed without prejudice.[19]

## CONCLUSION

For the foregoing reasons, Defendant V & V Roofing & Sheet Metal, L.L.C.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.

---

[14] McClaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

[15] *See* Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).

[16] Harvey v. Grey Wold Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

[17] See Doc. 65-4.

[18] Plaintiff invokes supplemental jurisdiction over claims against Defendant V & V in their Complaint, but there are no supplemental claims here, only the original claims that Plaintiff filed against Defendant. Doc. 1 at 1. And, since the Court did not have original jurisdiction over the claims for the reasons stated above, it cannot exercise supplemental jurisdiction here. See U.S.C. § 1367(b) ("In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.").

[19] *See Bass*, 180 F.3d at 247 ([T]he dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court.).

**IT IS ORDERED** that Plaintiffs' claims against Defendant are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay and Motion to Schedule a Status Conference are **DENIED AS MOOT**.

New Orleans, Louisiana this 20th day of May, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**